IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

MICHAEL JAMES DUFRESNE                                    PLAINTIFF
4019 Plymouth Road
Louisville, Kentucky 40207


                                    Case No.   3:17-cv-176-DJH

v.

                                    Judge    David J. Hale


WELLS FARGO NATIONAL ASSOCIATION,                        DEFENDANTS
d/b/a WELLS FARGO DEALER SERVICES
464 California Street
San Francisco, California 94104

        SERVE:       Corporation Service Company
                     421 W. Main Street
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

        SERVE:       CT Corporation System
                     306 W. Main Street, Suite 512
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:      CSC-Lawyers Incorporating Service Co.
                     421 W. Main St.
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

      SERVE:      The Prentice Hall Corporation System
                     421 W. Main Street
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)

** ** ** **

<strong>VERIFIED COMPLAINT</strong>

Comes the Plaintiff, Michael James Dufresne, having been duly sworn, individually and by counsel, and for his Verified Complaint against the Defendants, Wells Fargo National Association, d/b/a Wells Fargo Dealer Services ("Wells Fargo"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("Trans Union") states under oath as follows:

<strong>I.  PRELIMINARY STATEMENT</strong>

1.     This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of Wells Fargo's false reporting to Experian, Equifax, and Trans Union of a debt allegedly owing by Plaintiff, the Defendants' failure to investigate Plaintiff's disputes of the Wells Fargo tradeline, and the Defendants' failure to correct Wells Fargo's false reporting on Plaintiff's Experian, Equifax, and Trans Union credit

2

reports.

## II. PARTIES

2.     Plaintiff, Michael James Dufresne, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky and presently resides at 4019 Plymouth Road, Louisville, Kentucky 40207.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, Wells Fargo, is a California corporation doing business in the Commonwealth of Kentucky with its principal place of business at 464 California Street, San Francisco, California 94104.

5.     Wells Fargo is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

7.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.     Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

10.     Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12.     Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

13.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14.     Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

15.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV.  FACTUAL BACKGROUND

16.     Prior to 2015, Plaintiff and his former wife were joint owners of a 2002 Honda Accord and Wells Fargo held a lien on the vehicle.

17.     In 2015, Plaintiff and his former wife filed a Chapter 7 bankruptcy in the Western District of Kentucky and Wells Fargo was listed as a creditor on Plaintiff's schedule of creditors for the bankruptcy.

4

18.     As part of the bankruptcy proceedings, Plaintiff discharged the debt to Wells Fargo and his former wife re-affirmed the debt.

19.     Upon information and belief, at some point subsequent to 2015, Plaintiff's former wife defaulted on the debt she had reaffirmed with Wells Fargo.

20.     In or around June 2016, Plaintiff, who was preparing to secure mortgage financing for a home purchase, accessed his Experian, Equifax and Trans Union credit reports and discovered that the Wells Fargo debt was falsely reported as being owed by Plaintiff, past due and/or charged off, and/or reaffirmed by Plaintiff.

21.     Plaintiff immediately filed disputes with Experian, Equifax and Trans Union upon discovery of the Wells Fargo tradeline on his credit reports.

22.     Upon information and belief, Experian, Equifax and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Wells Fargo of the disputes at or within five (5) days of Experian's and Trans Union's receiving notice of the disputes from Plaintiff.

23.     In or around October 2016, the Defendants verified the Wells Fargo tradeline, and refused to remove the alleged debt from Plaintiff's credit reports.

24.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Wells Fargo, Experian, Equifax and Trans Union failed to remove the disputed item from Plaintiff's credit reports.

25.     Upon information and belief, Wells Fargo, Experian, Equifax and Trans Union did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following the Defendants' receipt of Plaintiff's dispute.

26.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit and/or otherwise been unable to acquire credit due to the Defendants' false reporting of Plaintiff's alleged collections account.

## V.  CLAIMS

### Negligence – Wells Fargo

27.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28.     Wells Fargo's false reporting to Experian Equifax and Trans Union regarding the alleged debt was negligent under applicable law.  In falsely reporting the alleged debt, Wells Fargo breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

29.     Wells Fargo's false reporting to Experian, Equifax and Trans Union regarding the alleged debt has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.   Wells Fargo's false reporting to Experian, Equifax and Trans Union regarding the alleged debt was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

30.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31.     Trans Union's failure to remove Wells Fargo's false report of Plaintiff's alleged Wells Fargo debt from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was negligent.

32.     In failing to remove the debt account, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

33.     Trans Union's negligent failure to remove the Wells Fargo debt from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

34.     Trans Union's failure to remove Wells Fargo's debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Experian

35.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.     Experian's failure to remove Wells Fargo's false report of Plaintiff's alleged debt from Plaintiff's Experian credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent.

37.     In failing to remove Wells Fargo's false report of Plaintiff's alleged debt, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

38.     Experian's negligent failure to remove Wells Fargo's false report of Plaintiff's alleged debt from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in

Plaintiff's credit rating, and other compensatory and consequential damages.

39.     Experian's failure to remove Wells Fargo's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence - Equifax

40.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 though 39 as if fully set forth herein.

41.     Equifax's failure to remove Wells Fargo's false report of Plaintiff's alleged debt from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent.

42.     In failing to remove Wells Fargo's false report of Plaintiff's alleged debt, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

43.     Equifax's negligent failure to remove Wells Fargo's false report of Plaintiff's alleged debt from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

44.     Equifax's failure to remove Wells Fargo's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Wells Fargo

45.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1

through 44 as if fully set forth herein.

46.     Wells Fargo, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Experian, Equifax and Trans Union, and other currently unknown individuals and/or entities who have accessed Plaintiff's Experian, Equifax and Trans Union credit reports, that Plaintiff has a debt with Wells Fargo.  Wells Fargo's statements were false and were made with conscious disregard for the rights of the Plaintiff.

47.     Wells Fargo's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

48.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a debt with Wels Fargo.  Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

50.     Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

9

## Defamation – Experian

51.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.     Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a debt with Wells Fargo.  Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

53.     Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Equifax

54.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1-53 as if fully set forth herein.

55.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a debt with Wells Fargo.  Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

56.     Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages

therefor.

### Negligent Violation of the Fair Credit Reporting Act – Wells Fargo

57.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58.     Wells Fargo's initial and continuing false reporting to Experian, Equifax and Trans Union of Plaintiff's alleged debt, and Wells Fargo's failure to investigate Plaintiff's disputes, are violations of Wells Fargo's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

59.     Wells Fargo's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Wells Fargo is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

60.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61.     Trans Union's failure to remove the disputed Wells Fargo account from Plaintiff's Trans Union credit report despite knowledge of the falsity of the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

62.     Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items

under 15 U.S.C. §1681i.

63.     Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

64.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65.     Experian's failure to remove the disputed Wells Fargo account from Plaintiff's Experian credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

66.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

67.     Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

68.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69.     Equifax's failure to remove the disputed Wells Fargo account from Plaintiff's Equifax credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

70.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

71.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Wells Fargo**

72.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73.     Wells Fargo's initial and continuing false reporting to Trans Union, Equifax and Experian of Plaintiff's alleged Wells Fargo account, despite Wells Fargo's knowledge of the falsity of its reporting, and Wells Fargo's failure to investigate Plaintiff's disputes are willful violations of Wells Fargo's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

74.     Given Wells Fargo's knowledge of the falsity of its reporting, Wells Fargo's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C.

§1681n for which Wells Fargo is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

75.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76.     Trans Union's failure to remove the alleged Wells Fargo debt from Plaintiff's Trans Union credit report despite Trans Union's knowledge of the falsity of the disputed item, and Trans Union's failure to investigate Plaintiff's disputes, are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

77.     Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

78.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

79.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 78 as if fully set forth herein.

80.     Experian's failure to remove the alleged Wells Fargo debt from Plaintiff's

Experian credit report despite knowledge of the falsity of the disputed item, and its failure to investigate Plaintiff's disputes, are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

81.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

82.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

83.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 though 82 as if fully set forth herein.

84.     Equifax's failure to remove the alleged Wells Fargo debt from Plaintiff's Equifax credit report despite knowledge of the falsity of the disputed item, and its failure to investigate Plaintiff's disputes, are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

85.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equfax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

86.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Michael James Dufresne, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*____
David W. Hemminger
CREDITLAW, PSC
616 South Fifth St.
Louisville, KY 40202
(Tel) 502.443.1060
(Fax) 502.589.3004
hemmingerlawoffice@gmail.com

and

*/s/Sam Carl*_____
Sam Carl
CREDITLAW, PSC
616 S. Fifth St.
Louisville, KY 40202
(Tel) 502.587.0004
(Fax) 502.589.3004
sambcarl@gmail.com

## VERIFICATION

I, Michael James Dufresne, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Michael James Dufresne


COMMONWEALTH OF KENTUCKY   )
                                       ) SS
COUNTY OF JEFFERSON             )

Subscribed, sworn to and acknowledged before me by Michael James Dufresne this 17th day of March 2017.

_____
Notary Public

Commission expires: _10-31-2019_

17